Jane DOE, 1, an alien, Jane Doe, 2, an alien, Jane Doe, 3, an alien, Jane Doe, 4, an alien, John Doe, 1, an alien, John Doe, 2, an alien, John Doe, 3, an alien, John Doe, 4, an alien, John Doe, 5, an alien, John Doe, 6, an alien, Plaintiffs–Appellants,

v.

Ernesto Zedillo Ponce DE LEÓN, An Alien resident of Connecticut, Defendant–Appellee.

No. 13–3122–cv.

United States Court of Appeals, Second Circuit.

Feb. 18, 2014.

Edward George Guedes (Roger S. Kobert, Marc C. Pugliese, on the brief), Weiss Serota Helfman Pastoriza Cole & Boniske, P.L., Coral Gables, FL (Matthew Dallas Gordon, Matthew Dallas Gordon LLC, West Hartford, CT, on the brief), for Plaintiffs–Appellants.

Jonathan Freiman (Tadhg Dooley, on the brief), Wiggin and Dana LLP, New Haven, CT, for Defendant–Appellee.

Adam C. Jed (Mark B. Stern, on the brief), Appellate Staff Civil Division, U.S. Department of Justice (Mary E. McLeod, Acting Legal Adviser, Department of State; Stuart F. Delery, Assistant Attorney General; Deirdre M. Daly, United States Attorney), Washington, DC, for Amicus Curiae United States in Support of Defendant Appellee.

PRESENT: DENNIS JACOBS, DEBRA ANN LIVINGSTON, GERARD E. LYNCH Circuit Judges.

### SUMMARY ORDER

Plaintiffs appeal an order dismissing their claims against Ernesto Zedillo Ponce de León ("Zedillo"), former President of Mexico, for violations of the "Law of Nations, customary international law, and U.S. laws and treaties" arising out of a 1997 massacre in the Mexican village of Acteal. Plaintiffs expressly concede that the dismissal of their complaint was correct, Appellant Br. 26 n. 8; Appellant Reply Br. 12, and argue only that it was improper to dismiss their complaint without granting leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a district court's decision to dismiss a complaint without granting leave to replead for "abuse of discretion." *Grain Traders, Inc. v. Citibank, N.A.,* 160 F.3d 97, 106 (2d Cir.1998). "It is well-established that one good reason to deny leave to amend is when such leave would be futile, specifically when the additional information does not cure the complaint." *Mortimer Off Shore Servs., Ltd. v. Fed.*

*Republic of Ger.,* 615 F.3d 97, 114 (2d Cir.2010) (internal quotation marks and brackets omitted).

Here, amendment would be futile. The United States filed a Suggestion of Immunity in September 2012. "[U]nder our traditional rule of deference to such Executive determinations," the United States' submission is dispositive. *Matar v. Dichter,* 563 F.3d 9, 13–15 (2d Cir.2009) (noting that State Department's statement of interest provided former foreign official immunity from suit, regardless of whether claims were premised on violations of *jus cogens* ); *see Samantar v. Yousuf,* 560 U.S. 305, 321–25, 130 S.Ct. 2278, 176 L.Ed.2d 1047 (2010) ("We have been given no reason to believe that Congress saw as a problem, or wanted to eliminate, the State Department's role in determinations regarding individual official immunity."); *cf. Republic of Mex. v. Hoffman,* 324 U.S. 30, 35, 65 S.Ct. 530, 89 L.Ed. 729 (1945) ("It is therefore not for the courts to deny an immunity which our government has seen fit to allow[.]"); *Ex parte Republic of Peru,* 318 U.S. 578, 587–89, 63 S.Ct. 793, 87 L.Ed. 1014 (1943) ("[I]t is of public importance that the action of the political arm of the Government taken within its appropriate sphere be promptly recognized, and that the delay and inconvenience of a prolonged litigation be avoided by prompt termination of the proceedings in the district court."); *Isbrandtsen Tankers, Inc. v. President of India,* 446 F.2d 1198, 1201 (2d Cir.1971) ("[O]nce the State Department has ruled in a matter of this nature, the judiciary will not interfere.").

The primary basis for the Suggestion of Immunity is that the complaint relates exclusively to actions taken in the Defendant's official capacity as head of state. The additional allegations Plaintiffs want to press—that Zedillo was personally involved in the massacre and that the Mexican Ambassador's request for immunity was invalid—would not overcome the immunity. Those allegations have repeatedly been submitted to the United States, directly or through this action, and yet the Suggestion of Immunity has not been rescinded or amended.

Plaintiffs rely heavily on a (since vacated) Mexican trial court order voiding a request for the United States to issue the Suggestion of Immunity. However, the State Department stood by its initial opinion in May 2013, after that order was issued. *See* Notice by United States of America Regarding Oral Argument, D. Ct. Dkt. # 76 ("The United States rests on its Suggestion of Immunity . . ., which sets forth the United States' determination regarding the immunity of former President Zedillo from this suit.").

We have considered all of Plaintiffs' remaining arguments and conclude that they are without merit. The order of the district court is hereby affirmed.